**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CANONICUS EPOXY PLUS, INC.** | : | |
| | : | |
| **Plaintiff** | : | **C.A. NO: 08 – 309ML** |
| | : | |
| **v.** | : | |
| | : | |
| **STANDARD MANAGEMENT CORP.** | : | |
| **Defendant.** | : | |

# PLAINTIFF'S PRE-TRIAL STATEMENT

Plaintiff, Canonicus Epoxy Plus, Inc., by and through its attorneys, submits the following Pre-trial Statement.

## I. Summary of Facts:

At this time, the following facts are not believed to be in dispute.

At all times material to this action, the defendant, Standard Management Corp. (hereinafter "Defendant") owned a commercial property located at 354 Pine Street, Pawtucket, Rhode Island. On or before March 28, 2008, Defendant was undergoing environmental remediation at the aforementioned property. On March 28, 2008 a fire occurred at the Defendant's property, which ultimately spread to the plaintiff, Canonicus Epoxy Plus, Inc.'s (hereinafter "Plaintiff") adjacent property located at 225 Conant Street, Pawtucket, Rhode Island. On the date of loss, the fire alarm and fire suppression systems were not in operation at Defendant's property.

## II. Legal Arguments and Issues:

It is Plaintiff's position that the fire was able to spread to its property, due to the fire alarm and fire suppression systems being disabled at Defendant's property. Disabling a fire alarm and/or fire suppression system without notifying the local municipality and fire department

is a violation of the Rhode Island Fire Safety Code, NFPA, and other local and state building codes. NFPA 25, Sections 1-4.2 and 1-4.3 specifically states:

> 1-4.2 – The responsibility for properly maintaining a water-based fire protection system shall be that of the owner(s) of the property. By means of periodic inspections, tests, and maintenance, the equipment shall be shown to be in good operating condition, or any defects or impairments shall be revealed.
>
> 1-4.3 – The owner or occupant shall notify the authority having jurisdiction, the fire department, if required, and the alarm-receiving facility before testing or shutting down a system or its supply. The notification shall include the purpose for the shutdown, the system or component involved, and the estimated time of shutdown. The authority having jurisdiction, the fired department, and the alarm-receiving facility shall be notified when the system, supply, or component is returned to service.

The Defendant acknowledges that the fire alarm and fire suppression systems were not operating on the date of the fire. Furthermore, it is our understanding that the fire department was not notified that these systems were disabled. As such, the Defendant is liable for the damage caused to the Plaintiff's property due to the spread of the fire.

## III. <u>Damages Claimed</u>:

The Plaintiff incurred damage to its real and business personal property and business interruption totaling $188,473.74, resulting from the exposure loss. The following is a brief summary of the total damages sustained by the Plaintiff:

| | | |
|---|---|---|
| 1. | Building repairs: | $135,601.03 |
| 2. | Smoke/Water remediation: | 51,727.73 |
| 3. | Business Interruption: | 1,144.98 |
| | Total: | $188,473.74 |

Respectfully submitted,
Canonicus Epoxy Plus, Inc.

By its Attorneys,

/s/ Kelly N. Michels
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
knm@hansoncurran.com

**CERTIFICATION**

I hereby certify that on September 17, 2008, I electronically filed the within Statement using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Kelly N. Michels