321224

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CANONICUS EPOXY PLUS, INC., Plaintiff, | ) | |
| v. | ) | C.A. No. 08-309ML |
| STANDARD MANAGEMENT CORP. Defendant. | ) | |

**DEFENDANT'S RULE 16 STATEMENT**

Pursuant to the Court's Notice and Local Rule 16, Defendant Standard Management, Inc. respectfully submits the following written statement briefly summarizing the facts of the case as presently understood and enumerating the elements of its Affirmative Defense filed in this matter. Defendant reserves the right to modify, amend and/or augment this statement as appropriate in the course of these proceedings.

## I. Defendant's Brief Summary of the Case

Upon information and belief, this case arose from a fire that occurred on or about March 28, 2007 at a commercial property owned by Standard Management, Inc. at 354 Pine Street in Pawtucket, Rhode Island. The plaintiff has alleged that the fire spread from the defendant's property to a nearby property owned by the plaintiff and caused damages in the amount of $188,000. An investigation conducted by the Pawtucket Fire Department indicated that the fire was caused by a trespasser.

**Defendant's Asserted Affirmative Defenses**

**a.** Defendant denies that the Plaintiff is entitled to any relief whatsoever and maintains that the Plaintiff will be unable to substantiate a claim for negligence.

**b. Failure to State a Claim.**

The Defendant may prevail on its defense of failure to state a claim upon which relief can be granted "[i]f it appears beyond a reasonable doubt that [the] plaintiff would not be entitled to relief, under any facts that could be established…" McKenna v. Williams, 874 A.2d 217, 225 (R.I. 2005).

**c. Plaintiff's Alleged Damages Caused by Third Party**

The basis of this defense is that "the defendant is not liable unless his or her actions were the *'primary'…cause* of that harm." Wells v. Unex Winter Optical, Inc., 635 A.2d 1188, 1191 (R.I. 1994) (internal citations omitted). Pursuant to Rhode Island law, a defendant may be entitled to this defense if its actions were not "a substantial or primary cause of [the plaintiff's] injuries." Id.

**d. Superceding/Intervening Cause**

In Rhode Island, a plaintiff may not predicate liability against a defendant "on a prior and remote cause which merely furnishes the condition or occasion for an injury resulting from an intervening unrelated and efficient cause, even though the injury would not have resulted but for such a condition or occasion * * *." Clements v. Tashjoin, 92 R.I. 308, 314, 168 A.2d 472, 475 (1961) (citing 65 C.J.S. *Negligence* § 111d at 693).

**e. Comparative Negligence**

"Pursuant to [R.I.]G.L. 1956 § 9-20-4, a plaintiff in a negligence action is entitled to an award of damages if he can prove the negligence of the defendant, although his damages will be reduced in proportion to his own fault." Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005). A plaintiff may be found comparatively negligent, if the plaintiff failed to act as a reasonably prudent person would under similar circumstances, with that failure being a cause or contributing factor toward the plaintiff's own damages. Kay v. Menard, 754 A.2d 760, 766 (R.I. 2000).

The Defendant,
Standard Management Corp.,
By its Attorneys,

/s/ Sheri L. Pizzi

Sheri L. Pizzi., R.I. Bar No. 5720
Timothy J. Groves, R.I. Bar No. 7596
TAYLOR DUANE BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

401.273.7171
401.273.2904 – Fax

**CERTIFICATE OF SERVICE**

I, Sheri L. Pizzi, attorney for defendant, Standard Management Corp., hereby certify that on September 17, 2008, I mailed a copy of the Defendant's Rule 16 Statement by certified mail, return receipt requested to:

Kelly N. Michels, Esq. (#6478)
Hanson Curran, LLP
The Francis Building
146 Westminster Street
Providence, RI 02903-2202
(401) 421-2154

J. Benjamin Staherski, Esq.
White and Williams, LLP
1800 One Liberty Place
Philadelphia, PA 19103
(215) 864-7020

/s/ Sheri L. Pizzi

Sheri L. Pizzi